WELCH, J.,
CONCURRING IN PART, DISSENTING IN PART.
hi agree with the majority insofar as they conclude that the trial court and this court has jurisdiction over this dispute; that the Charter School Agreement was a valid contract between the Board and Pine Grove; that the Board’s attempt to rescind the contract without any statutory grounds or grounds set forth in the contract, along with the Board’s delaying tactics constituted a breach of the contract; and that mandamus was inappropriate. However, I believe that the trial court erred in granting injunctive relief, in ordering specific performance, and in extending the contract for five years, and I would reverse those portions of the judgment of the trial court. The trial court should have awarded damages for the Board’s breach of contract. Therefore, I respectfully dissent in part from the majority opinion.
The trial court’s judgment provided for a five year extension of the charter school agreement beginning with the 2007-2008 school year. The trial court’s reasons for judgment reflect that this five-year extension was “[a]s alternate relief to [monetary] damages” for the Board’s breach of contract. This ruling was erroneous.
Louisiana Revised Statutes 17:3983(A)(4)(d) provides:
A charter school shall begin operation by not later than twenty-four months after the final approval of the charter, unless such charter school is engaged in desegregation compliance issues and therefore must begin operation by not later than thirty-six months. If such operation does not occur, the charter for that school shall be automatically revoked although a new charter may be proposed if the limit on the total number of charter schools allowed in the state has not been reached.
|2The record reflects that Pine Grove obtained final approval of its charter by April 28, 2004, when its representative signed the Charter School Agreement. Since desegregation compliance issues were involved, Pine Grove had thirty-six months (or until the end of April 2007) within which to begin operation as a charter school. Pine Grove did not begin operation as a charter school by the end of April 2007. Therefore, its charter was automatically revoked by operation of law. The trial court had no authority — statutory or otherwise — to grant an extension of the time period within Pine Grove was required to begin operation as a charter school.
Furthermore, the trial court also abused its discretion in ordering specific performance of the contract because specific performance is impossible. Upon an obligor’s failure to perform an obligation to do, the granting of specific performance is at the discretion of the court. If specific performance is impracticable, the court may allow damages. See La. C.C. art.1986. The majority reasons that specific performance was proper because the eight obligations of the Board, as set forth in the charter school agreement, are not impossible. However, the Board’s obligations under the charter school agreement are predicated on Pine Grove either operating as a charter school or having a valid charter and working toward becoming a charter school in operation. And, since Pine Grove’s charter was automatically revoked by operation of law and the evidence established that Pine Grove had taken very few, if any, formidable steps toward establishing a charter school in operation, the trial court abused its discretion in ordering specific performance.
*228 While I believe that both the trial court and the majority are trying to fashion an equitable remedy, 1 do not believe that the law affords the remedy of specific performance under the circumstances of this case. Therefore, I respectfully cqncur in part and dissent in part.